# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2010

No. 09-51098
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRESTON SAVELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-179-3

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Preston Savell pleaded guilty without the benefit of a plea agreement to aiding and abetting attempted bank robbery (Count One); conspiracy to commit bank robbery (Count Two); and aiding and abetting the use of a firearm during a crime of violence (Count Three). The district court sentenced Savell to 71 months on Count One, 60 months on Count Two, to run concurrent, and 20 years on Count Three, to run consecutively to Counts One and Two.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Savell first contends that the district court clearly erred in denying his request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). A district court may decrease a defendant's offense level by two levels if it finds that the defendant was a minor participant in the offense. § 3B1.2(b). A § 3B1.2 reduction applies only when a defendant is substantially less culpable than the average participant. *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id.* at 204 (internal quotation marks and citation omitted). "A defendant has the burden of showing that he is entitled to the downward adjustment." *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001). Whether the defendant is a minor participant is a factual determination that we review for clear error. *Villanueva*, 408 F.3d at 203.

By Savell's own admissions, he entered into the conspiracy with his codefendants knowing that the object of the conspiracy was to commit bank robbery. As reflected by the presentence report, which the district court was free to accept as reliable evidence, *see United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995), Savell furthered the object of that conspiracy by arming himself and firing at one of the guards during the course of the attempted robbery. Savell's participation was not peripheral, but was essential, to the advancement of the illicit activity, *see Villanueva*, 408 F.3d at 204, and was clearly "coextensive with the conduct for which he was held accountable." *See Garcia*, 242 F.3d at 598-99. The district court did not clearly err in denying the role adjustment under § 3B1.2. *See Villanueva*, 408 F.3d at 203 & n.9.

Also without merit is Savell's challenge to the 20-year sentence as to Count Three, which was the result of an upward variance from the Guidelines. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). Following

*United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). We first determine whether the district court committed procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Savell's assertion that the district court committed procedural error by failing to consider all of the § 3553 factors and by focusing on the seriousness of his offense as justification for the variance is belied by the record. While the district court emphasized the seriousness of the offense and the injuries to guard, the court stated multiple times that it had considered all of the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707. Likewise without merit is Savell's argument that the district court could not rely on factors already encompassed within the guidelines to support a non-guidelines sentence. *See Brantley*, 537 F.3d at 350. The district court committed no procedural error.

Nor was Savell's 20-year sentence substantively unreasonable. The 20-year sentence reflected the seriousness of Savell's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (quotation marks omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

AFFIRMED.

3